## No. 548

No. 18953—The State, ex rel. R. V. Shirley, v. Willis F. Corbett. Quo Warranto.

327. COURTS—Combining Probate with Common Pleas—Constitutionality of—Occurs immediately upon favorable vote.

ROBINSON, J.

1. The provision of Section 1604-3, General Code, "If a majority of the votes cast at such an election shall be in favor of combining said courts, such courts shall stand combined and consolidated at the expiration of the term for which the probate judge has been elected in the county wherein such election has been held," fixes a time when such courts shall stand combined as a result of such election different from the time fixed, in Section 7, Article IV of the Constitution of Ohio, and is to that extent in contravention of that section of the Constitution.

2. The office of probate court stands combined with the court of common pleas in counties containing less than 60,000 population immediately upon the due determination of the fact that a majority of the persons voting upon the question of the combination of such courts voted in favor of such combination at a general election where the question was duly submitted.

Writ denied.

Marshall, CJ., Jones, Matthias, Day, Allen and Kinkade, JJ., concur.

# Weekly Abstract of PENDING CASES

## No. 549

STATE ex v. SWISHER et

No. 19069. Supreme Court

In Mandamus. Dock. April 13, 1925; 3 Abs. 249.

233. CIVIL SERVICE—Can Commission terminate leave of absence, of stenographer in office when it was granted to her, because of her ill health? Can she be dismissed by permanent appointment of a successor?

The State on relation of Grace Lamb brings this action in Mandamus against Rollin Swisher and William Bundy as the State Civil Service Commission. It was alleged that Lamb held the position of stenographer in the office of the State Civil Service Commission, said position being in the classified service of the state. It is further stated that Lamb has not been guilty of any causes for removal enumerated under the statute; but that because of ill health she was compelled to take a leave of absence on June 16, 1924, and on Feb. 28, 1925 the State Civil Commission informed her that said leave of absence had terminated; that on March 23, 1925, the office of the commission was notified that she was ready and willing to return to her position, and that said Commission refused and still refuses to permit said Grace Lamb to return to and perform her duties of said position.

It is claimed that under 486-14 GC. the appointment of a successor to her position was an emergency appointment and a temporary one, made necessary by sickness and disability of Grace Lamb; that the State Civil Service Commission had no authority or right to permanently disqualify her from her position during her sickness.

Letters from the Commission to Lamb show that she had not been dismissed or discharged from the service but that it had been found necessary to terminate her leave.

It is claimed by Lamb that she had not been away from the services a year from the date of her sickness, June, 1924; that the commission in January, 1925, gave her a leave not to exceed one year; that on Feb. 28, 1925, without notice they notified her that her position had been filled by a permanent appointment.

Miss Lamb, it is contended, under the civil service law, is entitled to the position she occupied when she became ill, and she cannot be shifted from commission to commission and from job to job although at the same salary. Either the civil service law protects her in the position she occupied, or it does not.

Attorneys—A. L. Rowe and Joseph McGhee, Columbus, for Lamb.